IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kyle A. Sharp, | ) | No. CV-11-1869-PHX-ROS |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **CONSENT DECREE** |
| ServiceMaster 24-Hour; Gregory Tullar, | ) ) ) ) | |
| Defendants. | ) ) ) | |

     1.     Plaintiff Kyle A. Sharp ("Sharp") commenced the above-captioned action in the United States District Court for the District of Arizona, alleging that Defendants ServiceMaster 24-Hour and Gregory Tullar ("Defendants") violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") by failing to reemploy Sharp in the position of employment in which he would have been employed if Sharp's continuous employment with Defendants had not been interrupted by military service.

     2.     Defendants deny each and every allegation of a violation of USERRA made against them by Sharp in this lawsuit.

     3.     Nevertheless, Sharp and Defendants (collectively referred to as the "Parties"), as a result of settlement discussions, have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree (the "Decree").  It is the intent of the Parties that this Decree be a final and binding settlement in full disposition of any and all claims alleged in the Complaint filed in this case.

## STIPULATIONS

4. Pursuant to USERRA, the Parties acknowledge the jurisdiction of the United States District Court for the District of Arizona over the subject matter of this action and the Parties to this case for the purpose of entering this Decree and, if necessary, enforcing this Decree.

5. Venue is proper in this district for purposes of this Decree and any proceedings related only to this Decree.  Defendants agree that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

## FINDINGS

6. Having examined the terms and provisions of the Decree, the Court finds the following:

   a. The Court has jurisdiction over the subject matter of this action and the Parties to this action.

   b. The terms and provisions of this Decree are fair, reasonable, and just.  The rights of the Parties are protected adequately by this Decree.

   c. This Decree conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person.  The entry of this Decree will further the objectives of USERRA and other applicable laws and will be in the best interests of the Parties.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## NON-ADMISSION

7. This Decree is being entered with the consent of the Parties and shall not constitute an adjudication or finding on the merits of the case or be construed as an admission by Defendants of any violations of USERRA, or any other law, rule, or regulation dealing with, or in connection with, equal employment opportunities.

## COMPLIANCE WITH USERRA

8. Defendants shall comply with all of the provisions of USERRA and shall not take any action against any person, including but not limited to Sharp, that constitutes retaliation or

interference with the exercise of such person's rights under USERRA, or because such person gave testimony or assistance or participated in any manner in any investigation or proceeding.

## REMEDIAL REQUIREMENTS

9. Without admitting the allegations set forth in the Complaint, and in settlement of the claims raised in this case, Defendants shall, within two (2) weeks from the date of entry of this Decree, pay Sharp a total monetary award of **Fifteen Thousand Dollars ($15,000)** in back pay from which appropriate income tax withholdings and other statutory deductions shall be made by Defendants. Defendants shall pay their portion of any Social Security tax on the back pay portion of the amount separately and shall not deduct their portion of such tax from the amount paid to Sharp.

Defendants shall pay the required amount to Sharp by direct deposit into his bank account in the same manner and to the same account into which Defendants deposited Sharp's pay while he was employed by Defendants.

Defendants shall provide documentary evidence of having paid Sharp by sending, within ten (10) days of payment to Sharp, proof of payment via electronic mail to Hilary Funk at Hilary.Funk@usdoj.gov.

10. For and in consideration of the relief being provided to him as described in paragraph 9 of this Decree, Sharp releases and discharges Defendants from the claims identified in the Complaint filed in this case and the complaint Sharp filed with the Department of Labor, complaint number AZ-2011-00009-10-G. This release and discharge of claims is subject only to Defendants' compliance with the terms of this Decree.

## MISCELLANEOUS

11. All Parties shall bear their own costs and expenses of litigation, including attorneys' fees.

12. This Decree constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure on all claims asserted in this action but shall not be construed as a judgment against Defendants. The Court retains jurisdiction over this action, however, for the purpose of entering appropriate orders enforcing this Decree.

13. The terms of this Decree shall be binding upon the present and future directors, employees, agents, administrators, successors, representatives, and assigns of Defendants and upon the heirs, successors, and assigns of Sharp.

14. This Decree constitutes the entire agreement and commitments of the Parties. Any modifications to this Decree must be mutually agreed upon and memorialized in writing signed by all Parties.

## EFFECTIVE DATE

15. The effective date of this Decree shall be the date it is entered by the Court.

16. This Decree shall expire, and this action shall be dismissed with prejudice, without further order of this Court, twelve (12) months after entry of this Decree. Sharp may move, for good cause, to extend the Decree. The Decree will not be extended, however, unless the Court grants Sharp's motion.

**IT IS FURTHER ORDERED** the motion for consent decree (**Doc. 2**) is **GRANTED**.

Dated this 7th day of November, 2011.

_____
Roslyn O. Silver
Chief United States District Judge